**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PEAK TECHNICAL SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1568 |
| | § | |
| | § | |
| LAND & SEA ENGINEERING, LLC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND OPINION ON MOTION FOR ATTORNEYS' FEES

The pending—and final—motion in this case, following the entry of final judgment after a bench trial, is the plaintiff's request for attorneys' fees under Texas law and costs of court under 28 U.S.C. § 1920. The plaintiff, Peak Technical Services, Inc. ("Peak"), recovered $123,341.06 on its breach of contract claim against ODS Engineering, LLC n/k/a Land & Sea Engineering LLC ("ODS Engineering"). The claim was based on ODS Engineering's failure to pay outstanding invoices for services Peak rendered under written agreements. Peak did not succeed on its claims to have an affiliated company, ODS International, Inc. ("ODS International"), also held liable for the unpaid invoices, under theories of breach of a guarantee, promissory estoppel, unjust enrichment, and *quantum meruit*.

On September 19, 2011, the court entered a final judgment and directed the parties to submit any application for costs and attorneys' fees under Federal Rule of Civil Procedure 54. Peak moved for an award of $68,716.00 in attorneys' fees and $8,520.74 in associated costs. (Docket Entry No. 51). The defendants responded that Peak is entitled, at most, to $15,000.00 in attorneys' fees and $2,270.67 in costs. (Docket Entry No. 52). The defendants argue that Peak is not entitled to the

$68,716.00 it seeks because the amount includes fees for legal work on the unsuccessful claims against ODS International, and the Texas fee-recovery statute only permits fee awards to prevailing parties on breach of contract claims.  (*Id.* at 2–4).  The defendants assert that Peak's failure to segregate the fees it seeks between the successful breach of contract claim against ODS Engineering and the unsuccessful claims against ODS International precludes recovery of all of the requested fees.  (*Id.*).  The defendants also argue that the amount Peak seeks is unreasonable if it is all attributed to the breach of contract claim against ODS Engineering, which was essentially undisputed.  (*Id.* at 3).  Finally, the defendants argue that Peak's request for costs includes items beyond those permitted by 28 U.S.C. § 1920.  (*Id.* at 4–6).

In reply, Peak points out that its agreements with ODS Engineering contain language that authorizes fee awards more broadly than the Texas statute, and that under this broader standard, ODS Engineering is entitled to all of its reasonable attorneys' fees incurred in collecting the overdue invoices. (Docket Entry No. 53, at 2–3).  Peak asserts that the lodestar amount—excluding the work done on the fraud claim—is reasonable.  (*Id.* at 3–4).  Peak provides a chart of the amount of time and the hourly rate for each lawyer who worked on the case—six lawyers, from two law firms—and each of the three legal assistants and librarian/legal researcher who worked on the case.  (*Id.* at 4).

Based on a careful review of the record; the motion, response, and reply; and the applicable law, this court concludes that while Peak is entitled to recover reasonable fees from ODS Engineering, the amount of fees Peak seeks is not reasonable.  This court discounts the fees to reflect the fact that a large part of the time Peak's lawyers spent was to seek recovery against ODS International, not ODS Engineering, and included an unreasonably large number of hours given the issues and claims involved.  The effect is to reduce the fees Peak seeks by one-half.  This court

2

awards $34,358.00 in fees to Peak against ODS Engineering.  As to costs, this court finds that Peak

may recover $8,520.74 under its agreements with ODS Engineering.  No recovery of fees or costs

is authorized against ODS International.

The reasons for these rulings are set out in detail below.

## I.        Background

Peak agreed to provide technical staff to ODS Engineering to design three cranes for offshore

oil platforms.  ODS Engineering agreed to pay Peak a fixed hourly rate for the time that each Peak

contractor worked.  (Docket Entry No. 51-1).  ODS Engineering was designing the cranes to fill a

purchase order from ODS International which, in turn, was constructing the cranes as part of a larger

project for Atwood Oceanics.  ODS Engineering and ODS International are separate companies

owned by Richard Hancock.

ODS Engineering and Peak signed confirmation agreements for each Peak contractor

assigned to work on the project.  All the confirmation agreements identified ODS Engineering as

the contracting party.  No agreement mentioned ODS International.  Under the confirmation

agreements, ODS Engineering agreed to pay Peak a fixed rate for each hour worked by the contract

engineers placed with ODS Engineering.  The agreements stated that Peak's invoices for the

engineers' work were due on receipt and that interest at the rate of 1.5% per month would be added

if they were not paid within 15 days of the invoice date.  The agreements also stated that Peak would

be reimbursed for all costs and expenses, including reasonable attorneys' fees, that Peak incurred

in collecting overdue invoices.  The contracts read, in relevant part: "[Land & Sea Engineering,

LLC/ODS Engineering, LLC] agrees to reimburse PEAK for all costs and expenses incurred by

PEAK in collecting overdue invoices, including but not limited to collection agency fees and

3

reasonable attorneys' fees." (*Id.* at 1).  The contract language does not require  "prevailing party" status for fee awards, which is a requirement of the Texas attorney's fee statute, TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8).

Peak contractors worked for ODS Engineering on the crane-design project from October 2008 until July 2009.  No work was performed under the ODS Engineering confirmation agreements after July 2009.  ODS Engineering went out of business before paying Peak all the money invoiced under the agreements.  ODS Engineering failed to pay $123,341.06 of the over $500,000 Peak invoiced.  Peak sued.

Peak asserted that ODS Engineering was liable for breach of contract.  Although ODS Engineering asserted that Peak's performance was deficient, there was no evidence of a material breach by Peak that would excuse or reduce its contractual obligation to pay, and the parties did not litigate this issue during the two-day bench trial.

Peak asserted four theories of recovery against ODS International: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment; and (4) quantum meruit.  As to the first theory, Peak argued that ODS International breached a contractual promise to guarantee ODS Engineering's debt. As to the second theory, Peak argued that it detrimentally relied on ODS International's promises to pay Peak for its work by continuing to supply contractors to work on the design project.  As to the third and fourth theories, Peak argued that ODS International benefitted from the work Peak's contract engineers did on the crane-design project because it had been commissioned by ODS International's client, Atwood Oceanics.  The court entered findings and conclusions that ODS Engineering was liable for breach of contract for its failure to pay Peak $123,341.06 of the amounts invoiced.  (Docket Entry No. 46).  The court further found that ODS International had no liability

4

to Peak under either contract or quasi-contract theories for the unpaid invoiced amounts for work done by Peak contractors under its contracts with ODS Engineering. (*Id.*).

Peak seeks $68,716.00 for attorneys' fees and associated costs and expenses. (Docket Entry No. 51). It has submitted affidavits from two lawyers, one from each of the two firms that worked on the case, Catherine Than and Robert Bernstein. (Docket Entries No. 51-2, 51-8). Peak also attached its invoices to its fee motion. (Docket Entries No. 51-4, 51-7). Peak submitted the following summary:

| Timekeeper | Position | Hours Worked | Hourly Rate | Total |
|---|---|---|---|---|
| **Bickerstaff Heath Delgado Acosta LLP** | | | | |
| John R. Jones | Attorney | 19.9 | $150.00 | $2,985.00 |
| Catherine Than | Attorney | 258.2 | $150.00 | $38,730.00 |
| Brad Young | Attorney | 2.6 | $150.00 | $390.00 |
| Sandra Ray | Paralegal | 28.1 | $90.00 | $2,529.00 |
| John Warren | Paralegal | 0.5 | $90.00 | $45.00 |
| Eric Palinski | Paralegal | 2.4 | $90.00 | $216.00 |
| Becky Vragel | Librarian/Legal Researcher | 2.2 | $45.00 | $99.00 |
| Totals | | 313.9 | | $44,994.00 |
| **Bernstein Law Firm** | | | | |
| Robert Bernstein | Attorney | 3.6<br>1.6 | $425.00<br>$450.00 | $1,530.00<br>$720.00 |
| Steve Eckstein | Attorney | 102.8<br>2.0 | $200.00<br>$225.00 | $20,560.00<br>$450.00 |
| Lara Shipkovitz | Attorney | 2.8 | $165.00 | $462.00 |
| Totals | | 112.8 | | $23,722.00 |
| Final Total | | | | $68,716.00 |

5

(Docket Entry No. 53, at 4).

Peak argues that it is not seeking recovery of any fees related to its fraud claim, but does not identify the number of hours it deducted to achieve this result.[1]  Peak claims that it is entitled to recover all the fees, including those spent trying—without success—to hold ODS International liable to pay ODS Engineering's unpaid invoices.  (*Id.*).  Peak advances two reasons:  the parties' contract provides for the recovery of "all costs and expenses incurred by PEAK in collecting overdue invoices," including reasonable attorneys' fees, (*id.* at 2); and the contractual and extra-contractual grounds for relief against ODS International were so intertwined that they could not be segregated, (*id.* at 4).

In response to the defendants' argument that Peak cannot recover fees for work spent on pursuing recovery against ODS International, Peak cites *Intercontinental Group Partnership v. KP Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009), which holds that if the parties contract to fee terms different from § 38.001, the parties' contractual provision trumps, because "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's."  In response to the defendants' argument that Peak failed to segregate the legal work on (nonrecoverable) equitable theories of recovery from (recoverable) work on contractual theories of recovery, Peak cites *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W. 3d 299 (Tex. 2006).  In Chapa, the court held that"many if not most legal fees in [cases involving the same underlying facts] cannot and need not be precisely allocated to one claim or the other.  Many of the services involved in preparing a contract or DTPA claim for trial must still be incurred if tort claims are appended to it; adding the

---

[1] Based on the invoices provided by the Bickerstaff firm, Bickerstaff's total billed amount is $49,286.00, but the firm claims $44,994.00 of this amount as recoverable attorneys' fees for nonfraud claims.  (Docket Entry No. 51, Ex. B-2).  It appears that the $4,292.00 difference is the amount excluded for fraud claims and is the equivalent of approximately 28.6 attorneys hours at a rate of $150.00 per hour.

latter does not render the former services unrecoverable." *Id.* at 313.  The parties also dispute whether the amount of time Peak spent on so many lawyers and legal assistants in recovering $123,341.06 was reasonable.

## II.    Analysis

### A.    Attorneys' Fees for the Time Spent Pursuing Relief against ODS International

The parties dispute whether Peak is entitled to recover fees for time spent litigating its right to recover the unpaid-invoice amount from ODS International.  Peak did not contract with ODS International.  And Peak did not prevail on this claim.

Peak is not precluded from recovering the fees it seeks solely on the basis that it did not prevail on its claim against ODS International.  Texas law controls the attorneys' fee issue.  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.").  As Peak correctly notes, Texas law provides that "'[p]arties are free to contract for a fee-recovery standard either looser or stricter' than the fee-recovery standards provided by statute, and courts are bound by the parties' choice." *Mohican Oil & Gas, LLC v. Scorpion Exploration & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App.—Corpus Christi 2011, pet. denied) (quoting *Intercont'l Group*, 295 S.W.3d at 653).  Peak and ODS Engineering agreed to the fee-recovery standard provided in the confirmation agreements between them.  These provisions control an award of attorneys' fees between Peak and ODS Engineering.

A threshold issue is whether the fee-recovery standard in the confirmation agreements allows recovery of the fee award Peak seeks against both ODS Engineering and ODS International.  It does not.  The confirmation agreements require ODS Engineering "to reimburse PEAK for all

costs and expenses incurred by PEAK in collecting overdue invoices, including but not limited to collection agency fees and reasonable attorneys' fees." (Docket Entry No. 51-1). There is no contract between Peak and ODS International, and the confirmation agreements do not give Peak the right to collect attorneys' fees from any entity except ODS Engineering. To the extent Peak seeks a fee recovery against both entities, its request is valid only as to ODS Engineering.

The second issue is whether the fees Peak seeks from ODS Engineering are reasonable. The contractual term "reasonable attorneys' fees" is given its generally accepted meaning because it was not otherwise defined in the confirmation agreements. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005) ("Contract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense."). The defendants argue that the failure to segregate fees for successful claims from those for unsuccessful claims makes the fee application unreasonable. (Docket Entry No. 52, at 2–4). The defendants also argue that the amount of the fees sought in relationship to the issues that were litigated makes the requested fees unreasonable. (*Id.*).

In response to the first argument, Peak contends that the "express terms of the agreement provide for the automatic reimbursement to PEAK of its fees and are void of any mention of prevailing party language." (Docket Entry No. 53, at 1–2). Peak's argument is overstated, to the extent its interpretation would make the "reasonable attorneys' fees" language in the confirmation agreements meaningless. *See Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011) ("When discerning the contracting parties' intent, courts must examine the entire agreement and give effect to each provision so that none is rendered meaningless"). Peak has cited no authority that a contract between A and B allows A to recover expended fees for attempting to recover unpaid amounts owed

8

by B from C.  The point is not that Peak was unsuccessful in recovering against ODS International, but rather that ODS International is a stranger to the contracts and a separate entity from ODS Engineering.  Peak has not cited authority that would support as reasonable fees for work attempting to recover from an entity that was neither a contracting party nor an alter ego of a contracting party. Absent such authority, the usual rule that "segregation is an essential component of reasonableness that a party must show in a request for attorney's fees" may apply.  *American Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 494 (5th Cir. 2004).  A request for unsegregated attorneys' fees that is, in part, attributable to unsuccessful claims against a third party may be unreasonable even under the terms of the confirmation agreements between Peak and ODS Engineering.

Even if Peak did not have a duty to segregate the time spent on pursuing relief against ODS International, two issues remain: whether it had a duty to segregate fees for work on the equitable claims from the nonequitable claims, and whether the amount it seeks is excessive.

As to the first issue, Peak replied that its equitable and nonequitable claims against ODS International were so intertwined with each other and with its claim against ODS Engineering that the aggregate time spent on all claims is not segregable.  (Docket Entry No. 53, at 4).  The Texas Supreme Court has recognized an exception to the duty to segregate "when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts."  *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex.1991) (internal quotation marks omitted).  The Texas Supreme Court later limited this exception by holding that intertwined facts alone do not make otherwise unrecoverable fees recoverable. *Chapa*, 212 S.W.3d at 313–14 ("Intertwined facts cannot

9

make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated"). The *Sterling* exception still applies when fees for recoverable claims are so intertwined with fees for unrecoverable claims that both can be included in a fee award:

> But *Sterling* was certainly correct that many if not most legal fees in [contract or DTPA] cases cannot and need not be precisely allocated to one claim or the other. Many of the services involved in preparing a contract or DTPA claim for trial must still be incurred if tort claims are appended to it; adding the latter claims does not render the former services unrecoverable.

*Id.* at 313.

Peak is correct in arguing that some of its legal work advanced recoverable contract and unrecoverable equitable claims so intertwined that they cannot and should not be segregated. However, Peak is not entitled to recover all of its legal fees merely because the legal work on the contract claims  is hard to segregate from work on the equitable claims, or because the work pursuing recovery against one defendant as opposed to the other defendant was difficult to segregate. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007) (holding that the district court did not abuse its discretion by reducing the plaintiff's attorney's fees by 40% after determining that some of the plaintiff's claims were unrecoverable even though segregation was impossible).

The record shows that much of the time Peak's lawyers spent pursuing recovery against ODS International was devoted solely to that purpose, and not also to the essentially undisputed and simple breach of contract claim against ODS Engineering. Allocating the time spent on claims against the separate entities appears relatively straightforward.

The record also shows, however, that segregation of the time spent on the noncontractual

10

bases for recovery against ODS International, as opposed to the contractual basis for recovery against that entity, was indeed difficult because the facts, and the related legal work, were intertwined.  Under the *Chapa* standard, a reduction in attorneys' fees is nonetheless appropriate because without a reduction, the fee amount sought is unreasonably large.

Peak calculated its fees using the "lodestar" method and sought no enhancement of the lodestar amount. Under this method, a court must determine the reasonable  hours spent in the case and multiply the hours by the reasonable hourly rate for the work performed.  *El Apple I, Ltd. v. Olivas*, No. 10-0490, --- S.W.3d ----, 2012 WL 2361722, at *3 (Tex. June 22, 2012). The defendants do not object to the hourly rates of the members of the legal team as unreasonable.  The issue is the number of hours, which results in part from the number of lawyers and professionals working on the case.

"[A] party applying for an award of attorneys' fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours." *Id.* at *3. Proof of the hours expended should include "the basic facts underlying the lodestar, which are: (1) the nature of the work, (2) who performed the services and their rate, (3) approximately when the services were performed, and (4) the number of hours worked." *Id.* at *5.  Attorneys "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Peak does provide detailed billing statements that identify the general type of work performed, the performing attorney and his or her rate, dates of service, and the number of hours worked.  However,  those details may be insufficient to sustain the full lodestar if they do not provide the court with enough information to discern which fees are reasonably expended and which are not. *See Louisiana Power & Light Co.*

*v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam) (noting that documentation of attorneys' fees must be sufficient to allow the court to determine the reasonable award amount).

In determining the reasonableness of attorneys' fees under Texas law, a court may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

A lodestar reduction is warranted when the amounts sought are unreasonable after taking the lodestar factors into account. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 801 (5th Cir. 2006) (holding that the trial court could properly reduce a fee award based on a lodestar factor). The defendants contend "that the Court would be hard-pressed to find 100 hours of activities in the Bickerstaff and Bernstein invoices related to the breach of contract claim against ODS Engineering."

(Docket Entry No. 52, at 4). According to the defendants, Peak should only recover $15,000 in reasonable attorneys' fees based on the hourly rate of $150 charged by Ms. Than. (*Id.*). Under the *Chapa* standard, a nearly 80 percent reduction of the lodestar by this court would be inappropriate. *See Chapa*, 212 S.W.3d at 313 ("Requests for standard disclosures, proof of background facts, depositions of the primary actors, discovery motions and hearings, *voir dire* of the jury, and a host of other services may be necessary whether a claim is filed alone or with others.").

After a careful review of the invoices submitted by Peak's legal team, this court finds that a reduction of the lodestar amount is warranted because the amounts sought are unreasonable in relation to some of the lodestar factor. The record reveals that there was little resistance to, or dispute over, the breach of contract claim against ODS Engineering. The bulk of the dispute centered on whether ODS International could be held liable for the unpaid invoiced amount of $123,341.06. Setting aside any obligation by Peak to segregate claims for equitable as opposed to contract-based relief against ODS International, the number of hours spent is nonetheless excessive. Two law firms worked on the case. Six lawyers billed time. The bulk of that time was by Ms. Than—258.2 hours at $150.00 per hour—and Mr. Eckstein—102.8 hours at $200.00 per hour and 2.0 hours at $225.00 per hour. (Docket Entry No. 53, at 4). Much of the work disclosed in the invoices was for work such as reviewing each other's work or consulting with one another or with the lawyers in the other firm. (*See* Docket Entries No. 51-4, 51-7 (billing for work such as "confer with [opposing counsel]," "communicate with [redacted] regarding case," "telephone conversation with [redacted]," and "exchange of emails with [redacted]")). There is unexplained work, apparently duplicative work, and no apparent billing judgment to eliminate unnecessary, repetitive, or duplicative work. *See Olivas*, 2012 WL 2361722, at *5 ("Counsel for the prevailing party should

make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." (quoting *Hensley*, 461 U.S. at 434)); *Crounse v. State Farm Mut. Auto. Ins. Co.*, 336 S.W.3d 717, 720 (Tex. App.—Houston [1st Dist] 2010, pet. denied) ("An award of attorney's fees must be supported by evidence that the fees were both reasonable and necessary."); *accord Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) ("[P]laintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment."); *Saizan*, 448 F.3d at 799 ("Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.").

The time spent appears excessive in relation to that required to prepare and present the claims—contractual and equitable—against both defendants.  The issues presented were not novel or particularly difficult.  The amount involved was $123,341.06, and the results obtained were limited to that amount.  The fee amount sought is excessive in relation to these important lodestar factors.  *See Saizan*, 448 F.3d at 801 (holding that the district court could properly reduce attorneys' fees when the plaintiff only achieved partial or limited success); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" (citation omitted)).

When lawyers have sought unreasonable amounts, a court may use its discretion to determine the fee award.  *See, e.g. Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied) ("When a trial court sits as the trier of fact, the amount of a fee award generally rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion."); *Kellstrom*, 50 F.3d at 330 ("If, in its discretion, the district court had

14

made a reasonable reduction of the lodestar for limited success, we undoubtedly would have affirmed that decision as being a proper exercise of discretion."); *cf. Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004) ("We conclude that courts have the authority to award less than an amount determined by a jury to be reasonable and necessary and that this is a matter committed to the trial court's sound discretion.").

In this case, after reviewing the relevant lodestar factors, including the nature and extent of the work performed, the issues involved, the complexity of the work, the difficulty of separating recoverable from nonrecoverable work, the result achieved, and the legal standard set in the parties' contract, it is appropriate to award 50 percent of the fees Peak sought. That amount, $34,358.00, is reasonable in relationship to the factors identified above, including the issues involved, the work required, and the result achieved. This amount also effectively eliminates duplicative and unnecessary work and keeps the fees reasonable in relation to the lodestar factors that apply. Accordingly, it is ordered that Peak receive a fee payment from ODS Engineering in the amount of $34,358.00.

### B. Costs

Peak seeks $8,520.74 in costs under Federal Rule of Civil Procedure 54(d). That rule provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). A district court has wide discretion to award costs to a prevailing party. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006).

15

The defendants argue that this court may only award costs itemized under 28 U.S.C. § 1920. As authority, the defendants cite *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987), which held that federal courts are bound by the cost limitations set out in 28 U.S.C. §§ 1821 and 1920 absent explicit statutory *or contractual* authorization.   The confirmation agreements between Peak and ODS Engineering clearly state that "[ODS Engineering] agrees to reimburse PEAK for all costs and expenses incurred by PEAK in collecting overdue invoices, including but not limited to collection agency fees and reasonable attorneys' fees." (Docket Entry No. 51-1, at 1).  This provision falls within the contractual-authorization exception recognized by *Crawford Fitting*.  Peak is entitled to recover its collection costs beyond those itemized under § 1920.  Because the only challenge the defendants make to the costs is to the portion that exceeds the statutorily recoverable amounts, the objection is overruled.  Peak may recover $8,520.74 in costs from ODS Engineering—not from ODS International.

## III.  Conclusion

Peak is entitled to recover $34,358.00 in attorneys' fees and $8,520.74 in costs from ODS Engineering.

SIGNED on August 6, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge